IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

    Plaintiff,

    v.

RESTAURANT DEPOT,

    Defendant.

No. C 19-80004 WHA

**ORDER OF DISMISSAL**

Plaintiff Malinka Moye, a vexatious litigant, filed a new complaint (Dkt. No. 1). In an earlier action where Moye sued City and County of San Francisco, Ratana Jiraittewanna, and Red Oak Realty (among more than a dozen others), an order dated December 21, 2009, declared Moye a vexatious litigant. Moye is required to submit to the undersigned judge for pre-filing review any *pro se* civil complaint in the Northern District of California with substantially the same allegations regarding the alleged fraudulent transfer, embezzlement or robbery of real estate named the Hurdle Estate; plaintiff's alleged false imprisonment; defendants' alleged robbery, assault or attempted murder of plaintiff; conspiracy to murder plaintiff; or illegal concealment of a child.

California Code of Civil Procedure § 391(b) defines a vexatious litigant as someone who, while acting in *propria persona,* repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. Moye admitted that he had been named a vexatious

litigant a decade ago by California State Courts, for filing eighty lawsuits in a short period of time (C 09-05464 WHA, Dkt. No. 7 at 4).

Moye's new complaint alleges civil rights violations relating to employment. This new complaint bears the same incomprehensible language as the complaints that led to his 'vexatious litigant' designation. His statements of 'facts' are similarly disjointed and incomplete. He initially alleges employment discrimination via hate crime and assault and a "set up for false imprisonment" by co-workers at Restaurant Depot, defendant here. He alleges "realty fraud against Alain Pinel through co-workers" and he mentions "home illegally sold." He alleges illegal taking of money out of his paycheck for garnishment and states he is being threatened by "Mr. Back Pay, illegal court ordered debt."

In this new complaint, Moye attached an August 28, 2018, charge-of-discrimination form that he filed with Equal Employment Opportunity Commission (EEOC) where he alleged race, color, retaliation, age and religious discrimination. He stated that coworkers that "were in jail with (sic) got into my personal business, and they decided to garnish my paycheck illegally." He stated that he was threatened at work with violence, that co-workers "tried to set up pallets to fall on me in freezer." The EEOC responded within two days on August 30, 2018, that it was closing Moye's case.

Most of his 23-page exhibits do not relate to this complaint. Moye included letters he wrote to the FBI dated 2016. He submitted a paystub in his exhibits that shows he owes back taxes and child support, both of which are being garnished from his wages. He sees these deductions as illegal. He included a 2004 letter from the U.S. Department of Education, Office of Civil Rights, denying him relief from his student loans. He included an undated San Francisco Police Department Incident Report (No. 060336221) with an incoherent discussion of a 2006 conversation between a landlord, a police officer and Moye. He included a photograph of an unnamed person and undated handwritten notes telling him to stay away from a building.

Exhibits attached to Moye's new complaint also include letters from Department of Fair Employment and Housing (DFEH) dated November 2018 where it closed its files related to his

2018 inquiries against defendants from the 2009 pre-'vexatious litigant' cases: Old Republic Title, Co., Red Oak Realty, Stockdale, et al., Baca, et al. These DFEH letters stated it lacked "jurisdiction to proceed because prima facie has not been met."

The 2009 vexatious litigant order was specific in limiting Moye's litigation to oversight by the undersigned for allegations related to the so-called "Hurdle Estate, a property that was sold by the County Assessor," plaintiff's alleged false imprisonment, defendants' alleged robbery, assault or attempted murder of plaintiff, conspiracy to murder plaintiff, or illegal concealment of a child. A close look at Moye's new filing shows that although some allegations sound similar, they are not. Here, false imprisonment is 'set up for false imprisonment.' It is not clear that the "realty fraud by Alain Pinel through coworkers" relates to the "Hurdle Estate." Here, he does not allege robbery, he alleges threats from "MR BACK Pay. Illegal Court ordered debt." Other 2009 allegations such as attempted murder, conspiracy to murder, or illegal concealment of a child are not present in this new filing.

The subject matter of the new complaint arguably differs from the subject matter of the pre-filing bar, but the new complaint is so incomprehensible that it cannot be said with clarity to avoid the bar. There is too great a risk that plaintiff, if the complaint is allowed, will slip in the same old story again. Consequently, this complaint will not be allowed. Plaintiff shall have until March 6, 2019, to lodge an amended complaint that states a claim that is comprehensible (and does not touch on the subject matter of the pre-filing bar).

**IT IS SO ORDERED.**

Dated: February 13, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE