IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

Plaintiff,

v.

RESTAURANT DEPOT, JOHN DOES (1–80), and CITY OF SAN FRANCISCO/ALAIN PINEL

Defendants.

No. C 19-80004 WHA

**PRE-FILING ORDER REFUSING PROPOSED AMENDED COMPLAINT BY VEXATIOUS LITIGANT**

## INTRODUCTION

*Pro se* plaintiff Malinka Moye, a vexatious litigant, submitted an amended complaint alleging employment discrimination. For the following reasons, the amended complaint will not be accepted for filing.

## STATEMENT

In 2009, after filing two dozen incomprehensible federal actions originating from a dispute over San Francisco properties once owned by Moye's relative, the undersigned judge ordered plaintiff Moye to show cause why he should not be declared a vexatious litigant in this district. Moye responded with more of the same incomprehensible and frivolous claims, so he was declared a vexatious litigant and barred from filing further civil complaints in the Northern District of California without first obtaining a pre-filing review from the undersigned judge. The order barred Moye from filing another civil complaint with "substantially the same

1 allegations regarding the alleged fraudulent transfer, embezzlement or robbery of real estate
2 named the Hurdle Estate; plaintiff's alleged false imprisonment; defendants' alleged robbery,
3 assault or attempted murder of plaintiff; conspiracy to murder plaintiff; or illegal concealment
4 of a child" (Case No. C 09-03892 WHA, Dkt. No. 30).

Plaintiff Moye now alleges employment discrimination in failure to hire, failure to promote, and other acts described in his amended complaint. His statements of allegations are disjointed and incomplete. He initially alleges employment discrimination via hate crime and assault and a "set up for false imprisonment" by co-workers at defendant Restaurant Depot. He alleges "realty fraud against Alain Pinel through co-workers" and he mentions "home illegally sold." He alleges illegal taking of money out of his paycheck for garnishment and states he is being threatened by "Mr. Back Pay, illegal court ordered debt." Moye attached an August 2018 charge-of-discrimination form that he filed with the Equal Employment Opportunity Commission where he alleged race, color, retaliation, age and religious discrimination. He stated that coworkers that "were in jail with (sic) got into my personal business, and they decided to garnish my paycheck illegally." He stated that he was threatened with violence, that coworkers "tried to set up pallets to fall on me in freezer." The EEOC responded within two days that it was closing Moye's case.

Most of Moye's 23-page exhibits do not relate to this amended complaint. Moye included letters he wrote to the FBI dated 2016. He submitted a paystub in his exhibits that shows he owes back taxes and child support, both of which are being garnished from his wages. He sees these deductions as illegal. He included a 2004 letter from the U.S. Department of Education, Office of Civil Rights, denying him relief from his student loans. He included an undated San Francisco Police Department Incident Report (No. 060336221) with an incoherent discussion of a 2006 conversation between a landlord, a police officer and Moye. He included a photograph of an unnamed person and undated handwritten notes telling him to stay away from a building.

Exhibits attached to Moye's complaint also include letters from Department of Fair Employment and Housing (DFEH) dated November 2018 where it closed its files related to his

2

2018 inquiries against defendants from the 2009 pre-'vexatious litigant' cases: Old Republic Title, Co., Red Oak Realty, Stockdale, et al., Baca, et al. These DFEH letters stated it lacked "jurisdiction to proceed because prima facie has not been met."

## ANALYSIS

Federal courts have the inherent power to regulate the activities of vexatious litigants. Under Section 1651(a) of Title 28 of the United States Code, courts may restrict litigants with abusive and lengthy histories from further filing. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

Moye's amended complaint names his former employer, Restaurant Depot, as a defendant but inexplicably adds in defendants from his old allegations that are barred by the pre-filing order, the City of San Francisco/Alain Pinel (sic). As a supposed employment discrimination complaint against an employer, if Moye had clearly stated a claim, that claim may fall outside the bounds of the pre-filing order. However, Moye's initial and his amended complaints are both incomprehensible allegations of old accusations barred by the pre-filing order and current allegations that are nonsensical and do not pertain to employment. The amended complaint includes an allegation of "Refusing to give up home, freedom, beliefs against organized crime."

## CONCLUSION

The subject matter of the new complaint is so incomprehensible that it cannot be said with clarity to avoid the pre-filing bar. There is too great a risk that plaintiff, if the complaint is allowed, will slip in the same old story again. Consequently, this complaint will not be accepted for filing.

**IT IS SO ORDERED.**

Dated: April 2, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE